UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

-------------------------------------------------------------------X

MICHAEL HAGAI,

                                        Plaintiff,                          **COMPLAINT**

        -against-                                                  Docket No.

POLICE OFFICER HOPE NEWCOMB and CITY OF NEW YORK,          Jury Trial Demanded

                                                                   CV12-1063

                                        Defendants,

                                                                   MATSUMOTO, M.J.

-------------------------------------------------------------------X

        Plaintiff, Michael Hagai, by his attorneys, Amabile & Erman, P.C., complaining of the

defendants, respectfully alleges as follows:

## Preliminary Statement

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff, Michael Hagai, is a thirty year old American citizen.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, POLICE OFFICER HOPE NEWCOMB (hereinafter referred to as "NEWCOMB") was a duly sworn police officer of said department and was acting under the supervision of said department and according to her official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.      On August 18, 2010 at approximately 11:30PM, plaintiff was lawfully present on

2

private property located at 16 Churchill Avenue, Staten Island, NY attending a party when NEWCOMB and other NYPD officers entered said private property.

13.     At said time, plaintiff questioned the authority of NEWCOMB to be present on private property.

14.     Thereafter, NEWCOMB unlawfully searched plaintiff and forcibly removed plaintiff's wallet and identification from plaintiff's pocket.

15.     At said time, NEWCOMB handcuffed and arrested plaintiff and transported him to the NYPD's 123[th] precinct stationhouse.

16.     NEWCOMB was acting under the supervision of and at the direction of a supervising defendant NYPD officer.

17.     The defendants imprisoned plaintiff for approximately two hours and issued plaintiff summons nos. 431223852-2 and 431223853-4 and released him.

18.     Said summons compelled plaintiff to appear in Richmond County Criminal Court on November 9, 2010 when all the purported charges that were levied against plaintiff by the defendants were dismissed

19.     Following said dismissal, NEWCOMB made additional false allegations and statements against plaintiff on November 9, 2010 concerning the incident on August 18, 2010 which caused plaintiff to be arrested again by NEWCOMB and charged with obstruction of governmental administration in the second degree and plaintiff was transported to NYPD's 120th precinct stationhouse on November 9, 2010.

20.     Thereafter, the defendants imprisoned plaintiff for approximately twenty-six hours and was released only after appearing in Richmond County Criminal Court on November 10, 2010 under Docket No. 2010RI010530.

3

21.     On October 14, 2011, the remaining charge levied against plaintiff by the defendants was dismissed.

22.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

23.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

24.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legality of citizens questioning the legal authority of police officers for their presence on private property and unconstitutional retaliation.

25.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

26.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendant lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer. Despite such notice, defendant CITY of NEW YORK has retained this officer, and failed to adequately train and supervise her.

27.     As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress,

4

embarrassment, and humiliation, and deprivation of his constitutional rights.

28.    That within ninety days of the dismissal of the charge of obstruction of governmental administration in the second degree and on November 21, 2011, plaintiff filed a Notice of Claim with defendants regarding the malicious prosecution arising from plaintiff's arrest on November 9, 2010.

29.    Plaintiff appeared for a 50-H hearing on December 22, 2011.

## Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

30.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33.    The acts complained of were carried out by the aforementioned individual defendant in her capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

34.    The acts complained of were carried out by the aforementioned individual defendant in her capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants arrested plaintiff twice without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39. Defendants caused plaintiff to be falsely arrested and unlawfully imprisoned.

40. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (First Amendment Claim under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The acts of the defendants were in retaliation for plaintiff's exercise of his First

6

Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

43.    As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of his First Amendment rights.

44.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTHCAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

47.    Defendants caused plaintiff to be prosecuted twice without any probable cause until the charges were dismissed on November 9, 2010 and October 14, 2011.

48.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

49.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants issued criminal process against plaintiff by causing his arrest and prosecution in a criminal court.

51.     Defendants caused plaintiff to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

52.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

55.     The defendants failed to intervene to prevent the unlawful conduct described herein.

56.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

57.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual

8

defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

60.    As a result of the foregoing, plaintiff was deprived of his liberty and right to substantive due process, causing severe emotional and constitutional injuries.

61.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully arresting

9

individuals who are questioning the legal authority of police officers in the absence of probable cause. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

66.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

67.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

68.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff was unlawfully arrested and subjected to false imprisonment.

69.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

70.   All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from retaliation for exercise of their First Amendment rights;

D.    To be free from the failure to intervene;

E.    To be free from malicious prosecution;

F.    To be free from malicious abuse of process;

G.    To receive equal protection under law.

71.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

72.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

74.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

75.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

76.    Plaintiff has complied with all conditions precedent to maintaining the instant

11

action.

77.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants arrested plaintiff without probable cause.

80.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

81.     As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

82.     As a result of the aforementioned conduct, plaintiff suffered mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

83.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     As a result of the foregoing, plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

86.     As a result of defendant's conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendants made offensive contact with plaintiff without privilege or consent.

90.     As a result of defendants' conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

92.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

13

94.    Defendants caused plaintiff to be prosecuted without any probable cause until the charges were dismissed on October 14, 2011.

95.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

96.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    Defendants issued criminal process against plaintiff by causing him to be arrested, arraigned and prosecuted in criminal court.

98.    Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

99.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    The aforementioned conduct was extreme and outrageous, and exceeded all

reasonable bounds of decency.

102.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

104.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

105.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendant who conducted and participated in the arrest of plaintiff.

109.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendant to engage in the wrongful conduct heretofore alleged in this Complaint.

110.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests of plaintiff.

113.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

116. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

117. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119. As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR NINETEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

120. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

122. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: March 2, 2012
Staten Island, New York

Respectfully Submitted,

AMABILE & ERMAN, P.C.

By: _____

ANTHONY A. LENZA, JR. (AL2680)
ECF username: aalenza
Attorneys for Plaintiff
1000   South Avenue
Staten Island, NY 10314
(718) 370-7030
Alenza@amabile-erman.com

18